# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

VIRA PIRO-HARABEDIAN, as the Personal
Representative of the Estate of Thomas H.
Harabedian,

        Plaintiff,

v.                                          Case No. 05-CV-72581-DT

SAGINAW CHIPPEWA INDIAN TRIBE d/b/a
SOARING EAGLE CASINO AND RESORT et al.,

        Defendants.

_____/

## ORDER GRANTING DEFENDANT SAGINAW CHIPPEWA INDIAN TRIBE'S "MOTION TO DISMISS" AND DENYING AS MOOT DEFENDANTS' LARRY SHERWOOD, KENDALL BELTNICK, DAMON CHASKEY, AND TY FERGUSON'S "MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT"

Pending before the court is Defendant Saginaw Chippewa Indian Tribe's ("Tribe's") "Motion to Dismiss" and Defendants Larry Sherwood, Kendall J. Beltnick, Damon Chaskey, and Ty Ferguson's "Motion to Dismiss And/Or For Summary Judgment." This matter has been fully briefed and the court held a hearing in the matter on November 23, 2005. For the reasons stated below, the court will grant Defendant Tribe's motion to dismiss and will deny as moot the individual Defendants' motion to dismiss and/or for summary judgment. The court will dismiss the case against the individual Defendants for lack of subject matter jurisdiction.

## I. BACKGROUND

Decedent Thomas H. Harabedian was employed by Power Plus Engineering, Inc. ("Power Plus") of Wixom, Michigan at the time of his death. On December 6, 2002, Power

Plus bid on a project to provide maintenance inspections for the 12 UPS systems located at the Tribe's facility.  (Pl.'s Resp. at Ex. 2.)  Power Plus was awarded the contract and performed inspections of the Tribe's UPS systems from April 7, 2003 - April 11, 2003.  (*Id.* at Ex. 4.)  During the course of its inspections, Power Plus found problems with several of the UPS batteries and on May 27, 2003, Power Plus was hired to replace the batteries in nine of the UPS systems for $8,180.00 as part of Job Number 30356.  (*Id.* at Exs. 6-7.)

The casino project was assigned to Decedent, who arrived at the casino and began his work on the morning of June 23, 2003.  (*Id.* at Ex. 8.)  While replacing batteries in the UPS room, Decedent, died of electrocution as a result of the UPS battery system having not been de-energized before the decedent began his work.  (*Id.* at Ex. 15.)  Plaintiff filed a complaint in this court on June 29, 2005, alleging negligence and breach of an implied contract. Defendant Tribe filed its motion to dismiss on September 13, 2005 and the individual Defendants filed their motion on September 15, 2005.

## II.  STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.  *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Medical Center*, 58 F.3d 1130, 1138 (6th Cir. 1995).  When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Mayer v. Mylod*, 988 F.2d 635, 638

2

(6th Cir. 1993).  Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations.  *Wright*, 58 F.3d at 1138; *Columbia Natural Resources, Inc.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01 (6th Cir. 1995).  The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994).  "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard*, 76 F.3d at 726 (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

### III.  DISCUSSION

### A.  Foreign Sovereign Immunity Act (the "FSIA")

Plaintiff bases her claim that the court has jurisdiction in this matter exclusively upon FSIA, 28 U.S.C. § 1330(A) and 28 U.S.C. §§ 1605(a)(5). Defendant Tribe's motion to dismiss argues that the court has no subject matter jurisdiction over Plaintiff's claim.  In its motion, Defendant argues that the FSIA "expresses no grant of jurisdiction over actions against Indian tribes and Indian tribes are not referenced in any fashion in the [ ] provisions [of the Act]." (Def.'s Mot. at 3.)  More specifically, Defendant notes that "the statute's immunity exception applies in the first instance only to 'foreign states'" and asserts that "[i]t has long been recognized that Indian tribes are not foreign states."  *Id.* (citing *Cherokee Nation v. State of*

3

*Georgia*, 30 U.S. 1 (1931)).  Defendant also asserts that "[t]he [FSIA's] inapplicability to Indian tribes has been recognized by the federal courts."  (*Id.* at 4.)

Plaintiff asserts that "[a]s a foreign sovereign/state the Defendant Indian Nation is subject to suit in [federal court]."  (*Id.* at 6.)  28 U.S.C. § 1330(A) provides that:

> The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title or under any applicable international agreement.

28 U.S.C. § 1330(A).  If Defendant were to qualify as a "foreign state" under the FSIA, the court would have jurisdiction over actions asserted against it unless Defendant Tribe were entitled to immunity under Sections 1605-1607.  Plaintiff claims that while Defendant Tribe may have otherwise been entitled to immunity under section 1605-1607, an exception to that immunity exists under 28 U.S.C. § 1605(a)(5).  *See Keller v. Central Bank of Nigeria*, 277 F.3d 811 (6th Cir. 2002) (holding that under the FSIA, 28 U.S.C. §§ 1602 et seq, federal courts lack subject matter jurisdiction over foreign states unless a statutory exception applies).   Under 28 U.S.C. § 1605(a)(5), a "foreign state" is not immune for actions asserted against it for "personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act of omission of that foreign state."  *Id.*  Plaintiff in this case seeks money damages for a death that occurred in the United States and that was allegedly caused by the tortious act of Defendant Tribe. 28 U.S.C. § 1605(a)(5).  Therefore, if Defendant Tribe is a "foreign state," Plaintiff would be entitled to initiate and pursue her action.

The threshold issue, therefore, is whether Defendant Tribe is a "foreign state,", i.e., whether the FSIA applies at all.

4

Defendant argues convincingly that it is not a foreign state, but a domestic sovereign nation, and that as such it is entitled to tribal immunity. *Kiowa Tribe Of Okla. v. Mfg. Techs.*, 523 U.S. 751 (1998)).

In *Kiowa Tribe* the Court, after noting that Indian tribes are subject to the plenary authority of Congress, held that "[a]s a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Id.* at 751. Moreover, "[i]t is well-established . . . that an Indian tribe is not a foreign state and that the Foreign Sovereign Immunity Act does not impair the immunity of Indian tribes." *Frazier v. Turning Stone Casino*, 254 F. Supp.2d 295, 303 (N.D. NY 2003) (citing *Kiowa Tribe*, 523 U.S. at 759)).

Plaintiff argues that "[t]he [Kiowa Tribe] Court's analysis of the history of tribal immunity did not depend on the Court's brief analysis of the Federal Foreign Sovereign Immunities Act," and assets that the Supreme Court's analysis was mere dicta that should not control in this case. (Defs.' Resp. at 7.) [1]  The court disagrees with the substance of Plaintiff's argument.

The *Kiowa Tribe* Court began by noting that, "a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe,* 523 U.S.  At 754.

While it is true, as Plaintiff argues, that the Court's analysis of the history of tribal immunity did not entirely *depend* upon the FSIA, that act and other acts of congress along with the lengthy history of judicially-created immunity doctrines, the Court explained that "in

---

[1]Dicta comprises observations in a judicial opinion or order that are "not essential" to the determination of the legal questions then before the court.  Dicta – as opposed to a court's holdings – have no binding effect in subsequent proceedings in the same (or any other) case. *Municipality of San Juan v. Rullan*, 318 F.3d 26, 29, n 3 (1st Cir. 2003) (citation omitted0.

5

considering Congress' role in reforming tribal immunity, we find instructive the problems of

sovereign immunity for foreign countries." 523 U.S.  at 759. The authority of Congress to

abrogate – or expand – the immunity of Indian tribes was held to be paramount. The

discussion of the FSIA was important to the explanation of that core principle. It is clear that

Congress, in the FSIA, did not abrogate the immunity that tribes enjoy from suits. Defendant

Tribe is a domestic sovereign nation, and not a "foreign state" as defined in 28 U.S.C. § 1330.

Defendant Tribe is therefore entitled to immunity unless it has otherwise waived it.  *Kiowa*

*Tribe*, 523 U.S. at 751.

     In the instant case, Plaintiff nowhere either alleges or shows that Defendant Tribe has

in any way waived its immunity. Defendant Tribe asserts forcefully that it has not done so.

With absolutely no argument or showing to the contrary,[2] the court finds in accord with

Defendant Tribe's assertions. Accordingly, Defendant Tribe's motion to dismiss for lack of

jurisdiction will be granted.

### B.  Defendants Larry Sherwood, Damon Chaskey, Ty Ferguson, and Kendall J. Beltnick's "Motion to Dismiss And/Or For Summary Judgment"

The sole jurisdictional basis for the claims against the remaining Defendants is

supplement jurisdiction pursuant to 28 U.S.C. § 1367.  (*See* Pl.'s Resp. To 7/22/05 Order to

Show Cause at 4-5.)[3]  While the court may exercise supplemental jurisdiction over the claims

remaining as to the individual Defendants pursuant to 28 U.S.C. § 1367, the court will decline

to do so in this case.  The Supreme Court has noted that "if the federal claims are dismissed

before trial, even though not insubstantial in a jurisdictional sense, the state claims should be

---

     [2] Plaintiff confirmed on the record at oral argument this proposition. No argument of wavier is before the court.

dismissed as well." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, (1966)*; see also Brandenburg v. Housing Authority of Irvine,* 253 F.3d 891, 900 (6th Cir. 2001) ("[T]he usual course is for the district court to dismiss the state-law claims without prejudice if all federal claims are disposed of on summary judgment.").  The court, therefore, will dismiss Plaintiff's claims against the individual Defendants on this procedural basis, without prejudice, and will deny as moot the individual Defendants' substantive motion to dismiss and/or for summary judgment.

### III.  CONCLUSION

Accordingly, IT IS ORDERED that Defendant Tribe's "Motion to Dismiss" [Dkt. # 13] is **GRANTED** and the claim against Defendant Tribe is **DISMISSED.** The claims against the individual Defendants are also **DISMISSED** for lack of supplemental jurisdiction. The individual Defendants' Motion to Dismiss And/Or For Summary Judgment [Dkt. # 14] is **DENIED AS MOOT.**

           S/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated:  November 23, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 23, 2005, by electronic and/or ordinary mail.

           S/Lisa Wagner          Case Manager and Deputy Clerk
          (313) 234-5522